IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA LYNN GARLICK            )
                                )  No. 20-274
    v.                          )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for benefits under Titles II and XVI of the Social Security Act, based on mental and physical impairments. Her application was denied initially and upon video hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II.     THE PARTIES' MOTIONS**

Plaintiff contends that the ALJ erred in accepting the opinion of the state agency examiner and rejecting the opinion of her medical provider, Daniel Telega, PA-C.   Plaintiff does not argue that the ALJ ignored or failed to analyze evidence of record; essentially, she takes issue with the weight assigned to the medical opinion of record.

An ALJ is entitled to weigh the medical opinions and other record evidence, and make a determination that is based on substantial evidence. Siecienski-Antinoro v. Comm'r of Soc. Sec., No. 19-19756, 2020 U.S. Dist. LEXIS 144498, at *36 (D.N.J. Aug. 12, 2020). "In appropriate circumstances, opinions from nonexamining State agency medical consultants may be entitled to greater weight than the opinions of treating or examining sources." Gregorio v. Kijakazi, No. 20-608, 2021 U.S. Dist. LEXIS 176700, at *32 (M.D. Pa. Sep. 16, 2021). Therefore, "provided that the decision is accompanied by an adequate, articulated rationale, it is the province and the duty of the ALJ to choose which medical opinions and evidence deserve greater weight. Id. at *33.

The ALJ assigned little weight to Mr. Telega's assessment of moderate, marked, and extreme limitations, finding the opinion as to disabling mental limitations "wholly inconsistent" with treatment records and Plaintiff's activities. The ALJ gave "some weight" to the opinion of a consultative examiner, who opined as to Plaintiff's mental condition, and significant weight to that of a state agency non-examiner, who opined as to Plaintiff's physical condition.[1] The ALJ arrived at a residual functional capacity ("RFC") that limited her to simple, routine tasks; no production pace or pace-dependent work; and only occasional direct contact with others.

Again, this Court's role is limited. As stated supra, I cannot reweigh the evidence, or substitute my own assessment for that of the ALJ. Here, it I undisputed that the ALJ assessed the evidence at issue. In addition, she identified her reasoning underlying her assessments. Plaintiff takes note of several parts of the record, such as Plaintiff's impaired concentration (as evidenced by difficulty with serial sevens), or impairments due to depression. Plaintiff does not, however, explain how such records are inconsistent with the RFC or the ALJ's conclusions. While such

---

[1] Plaintiff takes issue primarily with the ALJ's approach to her mental limitations.

evidence could support Plaintiff's contentions, the "question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding.... Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance." Goldinger v. Berryhill, No. 17-918, 2018 U.S. Dist. LEXIS 162375, at *10 (W.D. Pa. Sep. 24, 2018) (quoting Weidow v. Colvin, No. 15-765, 2016 U.S. Dist. LEXIS 139683 (M.D. Pa. Oct. 7, 2016)).  It does not appear that the ALJ impermissibly "cherry picked" the record, or otherwise employed her own lay judgment in place of medical opinion. Here, I am constrained to find that the ALJ's conclusion was supported by evidence that a reasonable mind would find adequate to support same.

## CONCLUSION

In conclusion, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 12/17/21

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JESSICA LYNN GARLICK )
) No. 20-274
v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

**ORDER**

AND NOW, this 17th day of December, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

*/s/ Donetta W. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court